IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Maybin, | ) C/A No. 0:11-22-CMC-PJG |
|                 Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| C/O Spellar; C/O Church; Warden Larry Powers; C/O Sgt. Woodrow, and C/O Reid; LT. Pilgrum, | ) |
|                 Defendants. | ) |

The plaintiff, Larry Maybin, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently an inmate at the Kirkland Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that he was wrongfully placed in lock-up while at Spartanburg County Detention Center. He claims that he got into an argument with white inmates over what television show to watch, and he was the only one placed in lock-up, even though the white inmates were doing many other improper things and he wasn't. He claims that Defendants discriminated against him and he wants them to be brought into court. Finally, he asks "the court to pay [him] for emotional distress." (Compl., ECF No. 1 at 6.) He does not request any other form of relief except compensatory damages for his alleged distress. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

*PJG*

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Although "prisoners do not shed all



constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id. at 482. The Court has held that prison officials have a duty under the Eighth Amendment (or the Fourteenth Amendment in the case of pre-trial detainees) to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees—such as Plaintiff at the time of the alleged injury in this case—humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998); see also Chisolm v. Cannon, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C. Feb. 15, 2006). For this reason, the standards discussed in Farmer v. Brennan are equally applicable in Plaintiff's case even though he is a pre-trial detainee and not a convicted prisoner.

The Prison Litigation Reform Act ("PLRA") of 1996 placed an important limitation upon all civil actions for compensatory damages arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of compensatory damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

No physical injury is alleged here.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).